**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08 cv _____

RYAN INTERNATIONAL AIRLINES, INC.,
a Kansas corporation

       Plaintiff,

v.

MAYTAG AIRCRAFT CORPORATION,
a Colorado corporation,

       Defendants.

---

## COMPLAINT FOR DAMAGE TO PERSONAL PROPERTY

Plaintiff, Ryan International Airlines, Inc., a Kansas corporation (hereinafter referred to as the Plaintiff) by and through its attorneys, Wade Warthen and Bethany A. Johnson, brings this lawsuit against the Defendant, Maytag Aircraft Corporation, a Colorado corporation, (hereinafter referred to as Defendant), and in support thereof states as follows:

### PARTIES

1.    Plaintiff is a Kansas corporation with its principal office located at 4949 Harrison Avenue, Suite 204, Rockford, Illinois.

2.    Defendant is a Colorado corporation with its principal office located at 6145 Lehman Drive, Suite 300, Colorado Springs, Colorado.

## JURISDICTION

3.      The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. §1391(a)(1) because Defendant resides in this district.  Venue is proper in this district under 28 U.S.C. §1391(a)(3) because Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## FACTS

5.      On or about August 17, 2005, the Plaintiff operated Flight #774 from Frankfurt Main Airport, in Frankfurt, Germany to Kuwait International Airport, in Kuwait City, Kuwait, utilizing its leased Boeing 757-200 (Airbus A320) aircraft bearing U.S. Registration Mark N151GX (the "Aircraft").

6.      On the same date and while the Aircraft was stationed on the ground at Kuwait International Airport, in Kuwait City, Kuwait, certain baggage was located inside of the Aircraft.

7.      At the same time and place, the Plaintiff did not unload or transport any baggage from the Aircraft.

8.      At the same time and place, the Defendant was contractually obligated to unload and transport baggage from the Aircraft for the United States Department of Defense.

2

9.     At the same time and place, an individual hired or employed by the Defendant and/or providing services in furtherance of the Defendant's contractual obligation to unload and transport baggage from the Aircraft for the United States Department of Defense, was present at or about the Aircraft and was providing directional and/or other vehicle control signals or communications to the driver of a baggage transport vehicle, and did so while the baggage transport vehicle was being driven and operated in reverse toward the Aircraft.

10.     At the same time and place, an individual hired or employed by the Defendant and/or providing services in furtherance of the Defendant's contractual obligation to unload and transport baggage from the Aircraft for the United States Department of Defense, was present at or about the Aircraft and was driving said baggage transport vehicle in reverse toward the Aircraft.

11.     At the same time and place, the individual driving said baggage transport vehicle failed to stop or change the path of the baggage transport vehicle prior to striking the Aircraft.

12.     At the same time and place, the individual driving said baggage transport vehicle struck the Aircraft with the baggage transport vehicle.

## COUNT I
### (NEGLIGENCE)

13.     The Plaintiff incorporates herein all preceding paragraphs.

14.     The individual driving and operating the baggage transport vehicle had a duty to act reasonably and use due care in driving and operating the baggage transport vehicle.

15.     The individual driving and operating the baggage transport vehicle had a duty to maintain a proper lookout, to obey directional and other vehicle control signals, to maintain

3

proper speed for the conditions, to reduce speed to avoid an accident, to maintain a proper distance between its vehicle and the Aircraft, and to control the baggage transport vehicle to avoid striking the Aircraft.

16.     The individual driving and operating the baggage transport vehicle breached its duty of due care by failing to maintain a proper lookout, failing to obey directional and other vehicle control signals, failing to maintain proper speed for the conditions, failing to reduce speed to avoid an accident, failing to maintain a proper distance between its vehicle and the Aircraft, failing to control and operate the baggage handling vehicle in manner that did not cause damage to the Aircraft, and failing to stop or change the path of the baggage transport vehicle prior to striking the Aircraft.

17.     As a direct and proximate result of breaching such duty of care, the Plaintiff suffered property damage, loss of profits, loss of use, loss of personal property, transportation and fuel expenses, labor and crew expenses, and landing fees.

18.     All the above damages were directly and proximately caused by the aforementioned breach of such duty of care, and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for the Plaintiff, to avoid the accident.

19.     On information and belief, the foregoing described acts and omissions by the individual driving and operating the baggage transport vehicle occurred within the scope of employment with Defendant.

20.     Defendant is responsible for the negligence of the individual driving and operating the baggage transport vehicle.

4

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for actual damages in excess of Seventy-five Thousand Dollars and no/100s ($75,000.00), prejudgment and postjudgment interest, costs of suit, and such other relief as this Court deems appropriate.

## COUNT II
### (NEGLIGENT SUPERVISION)

21.     The Plaintiff incorporates herein all preceding paragraphs.

22.     The Defendant had a duty to supervise and/or undertook the supervision of the individual driving and operating the baggage transport vehicle.

23.     The Defendant had a duty to act reasonably and use due care in supervising the individual driving and operating the baggage transport vehicle.

24.     The Defendant breached its duty of due care by failing to require that the individual driving and operating the baggage transport vehicle understood directional and other vehicle control signals or communications, failing to stop the individual driving and operating the baggage transport vehicle from operating and driving such vehicle, failing to cause the individual driving and operating the baggage motor vehicle to maintain proper speed for the conditions, failing to cause the individual driving and operating the baggage motor vehicle to reduce speed to avoid an accident, failing to cause the individual driving and operating the baggage motor vehicle to maintain a proper distance between its vehicle and the Aircraft, failing to cause the individual driving and operating the baggage motor vehicle to control and operate the baggage handling vehicle in manner that did not cause damage to the Aircraft, and failing to

5

cause the individual driving and operating the baggage motor vehicle to stop or change the path of baggage transport vehicle before striking the Aircraft.

25.     As a direct and proximate result of breaching such duty of care, the Plaintiff suffered property damage, loss of profits, loss of use, loss of personal property, transportation and fuel expenses, labor and crew expenses, and landing fees.

26.     All the above damages were directly and proximately caused by the aforementioned breach of such duty of care, and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for the Plaintiff, to avoid the accident.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for actual damages in excess of Seventy-five Thousand Dollars and no/100s ($75,000.00), prejudgment and postjudgment interest, costs of suit, and such other relief as this Court deems appropriate.

### COUNT III
### (NEGLIGENT HIRING)

The Plaintiff incorporates herein all preceding paragraphs.

27.     The Defendant had a duty to act reasonably and use due care in hiring the individual and/or company that would drive and operate the baggage motor vehicle used by Defendant in the performance of Defendant's baggage handling services for the United States Department of Defense.

28.     The Defendant breached its duty of due care by failing to require that the individual and/or company hired by Defendant use a person to a drive the baggage motor vehicle

6

that understood directional and other vehicle control signals or communications, failing to require that the individual and/or company hired by Defendant require that the person used to drive the baggage motor vehicle have reasonable and sufficient knowledge, skill, and experience in driving, operating, controlling, and/or following directions for the driving, operating and proper controlling of, the baggage handling vehicle.

29.    As a direct and proximate result of breaching such duty of care, the Plaintiff suffered property damage, loss of profits, loss of use, loss of personal property, transportation and fuel expenses, labor and crew expenses, and landing fees.

30.    All the above damages were directly and proximately caused by the aforementioned breach of such duty of care, and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for the Plaintiff, to avoid the accident.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for actual damages in excess of Seventy-five Thousand Dollars and no/100s ($75,000.00), prejudgment and postjudgment interest, costs of suit, and such other relief as this Court deems appropriate.

Respectfully submitted,

FRANKE GREENHOUSE LIST & LIPPITT LLP


s/ Wade Warthen
Wade Warthen (CO Bar #32096)
Bethany A. Johnson (CO Bar #33055)
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202
(303) 623-4500
(303) 623-0960 – Facsimile
E-mail:wwarthen@fgll-law.com
       bjohnson@fgll-law.com

Counsel for Plaintiff Ryan International
       Airlines, Inc.